IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11 C 2124 |
| | ) |
| CPS - CHICAGO PUBLIC SCHOOLS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kevin Sroga has filed a *pro se* complaint along with an application to proceed *in forma pauperis*, that is, without paying the usual filing fee. The Court therefore has attempted to review the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2).

Mr. Sroga has filed a sprawling, fifty-four page complaint naming as defendants the Chicago Board of Education ("Board") and ten individuals affiliated with it, including the Board's former chief executive officer, Ronald Huberman. As best as the Court can determine – with some difficulty – Mr. Sroga's claims concern his removal from teaching responsibilities, an investigation by the Board's inspector general, his suspension without pay, and his termination.

Mr. Sroga's complaint, however, includes a detailed rendition of numerous events that appear to have, at most, a tangential relation to his claims against the defendants he has sued in this case. These include the following:

- events in the Chicago neighborhood where he resides (Compl. ¶¶ 17-24);

- his work in an electrician apprenticeship program ten years ago and minutely detailed allegations regarding his applications and efforts to be employed by several police departments between 2001 and 2003 (Compl. ¶¶ 25-50);

- his arrest by Chicago police officers in November 2003 and the aftermath of that arrest through 2006 (Compl. ¶¶ 51-61);

- the effect of those events on his attempt to become a police officer (Compl. ¶¶ 62-64);

- Mr. Sroga's decision to become a teacher and events surrounding his hiring by the Board in 2006 (Compl. ¶¶ 66-79); and

- various details regarding his employment at a Chicago public school from 2006 through 2008 (Compl. ¶¶ 80-96);

- minutely detailed allegations regarding a claim that he was retaliated against by Chicago police officers in September 2007 as a result of the events surrounding his 2003 arrest (Compl. ¶¶ 65 & 100-117) (The Court notes that Mr. Sroga has filed other lawsuits against Chicago police officers concerning the September 2007 and other arrests. *See Sroga v. Decero*, No. 09 C 3286 (N.D. Ill.), and *Sroga v. Weiglen*, *No.* 08 C 1789 (N.D. Ill.).);

- allegations about "street stops" by Chicago police officers, including an incident in which Mr. Sroga and his brother were stopped by Chicago police officers in 1994 (Compl. ¶¶ 187-193);

- allegations concerning the police officer whom Mr. Sroga alleges mistreated him in the 1994 incident and how the Chicago Police Department and the City of Chicago go about hiring new employees (Compl. ¶¶ 194-197);

- allegations regarding the Chicago Police Department's special operations section, including quotes from a "60 Minutes" episode that aired in 2008 (Compl. ¶¶ 198-213).

These detailed and tangential allegations are followed by this explanation:

> Finally, Plaintiff states that although some of the above paragraphs "may" be somewhat a little irrelevant and cumbersome in relation to his complaint, non-the-less [sic] plaintiff felt and deemed it necessary to state

> all of the above in an effort to fully explain and incorporate all of the set of circumstances pertaining to this suit.

Compl. ¶ 214.

Plaintiff's factual allegations are followed by twelve claims against various groups of defendants for violating his Sixth Amendment rights (Count 1), his federal and state constitutional due process rights (Counts 2-4), and his federal and state constitutional equal protection rights (Counts 5-6); retaliating against him for exercising his constitutional rights (Count 7); failing to intervene to prevent constitutional violations (Count 8); intentionally inflicting emotional distress (Count 9); municipal liability under 42 U.S.C. § 1983 (Count 10); and respondeat superior and indemnification under Illinois law (Counts 11-12).

Because of the morass of irrelevant and tangential allegations, however, it is impossible for the Court to perform its obligation to determine whether Mr. Sroga's complaint states a claim against any or all of the defendants or whether it is frivolous or malicious. In addition, the complaint, in its current form, fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Griffin v. Milwaukee County*, 369 Fed. Appx. 741, 743 (7th Cir. 2010) (internal quotation marks omitted). "If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed. R. Civ. P. 8(a) is permitted . . . ." *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003).

**Conclusion**

For the reasons stated above, the Court dismisses Mr. Sroga's complaint pursuant to Federal Rule of Civil Procedure 8(a)(2). The Court will give Mr. Sroga an opportunity to file, by no later than May 2, 2011, a proposed amended complaint that complies with the Rule 8(a)(2)'s requirement that the plaintiff provide "a short and plain statement" of his claim, and that omits irrelevant, tangential, and unnecessary matters. If Mr. Sroga fails to do so, the Court will assume that he does not intend to proceed with the case and will enter judgment dismissing the case with prejudice. If Mr. Sroga files a timely proposed amended complaint, the Court will assess it under applicable legal standards.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 11, 2011